UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KALOM MCCOY,<br><br>    Petitioner,<br><br>    v.<br><br>GENA JONES, Warden,[1]<br><br>    Respondent. | No. 2:23-cv-0902 DAD KJN P<br><br>ORDER AND FINDINGS & RECOMMENDATIONS |

Petitioner, a state prisoner, proceeds through counsel with a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Currently pending before the court is respondent's motion to dismiss claim 3 of petitioner's habeas petition and petitioner's motion to stay these proceedings to exhaust state court remedies. As discussed below, the undersigned recommends granting respondent's motion to dismiss, granting petitioner's unopposed motion for a stay pursuant to Kelly v. Small, 315 F.3d 1063 (9th Cir. 2003), overruled on other grounds by Robbins v. Carey, 481 F.3d 1143 (9th Cir. 2007) (hereafter Kelly or "Kelly stay"), and denying petitioner's alternative request for a stay pursuant to Rhines v. Weber, 544 U.S. 269 (2005) (hereafter Rhines or "Rhines stay").

---

[1] Respondent's request to substitute Gena Jones, current Warden of California Health Care Facility-Stockton as respondent (ECF No. 7 at 1 n.1) is granted. See Brittingham v. United States, 982 F.2d 378, 379 (9th Cir. 1992).

Factual and Procedural History

Petitioner was convicted in the San Joaquin County Superior Court of first degree murder and second degree robbery, and a sentencing enhancement allegation was found true. On August 12, 2019, petitioner was sentenced to an indeterminate state prison term of twenty-six years to life. (ECF No. 8-1.)

On December 2, 2021, the California Court of Appeal modified the judgment to impose a "midterm sentence on count 2 of three years . . . plus a one-year sentence on the firearm enhancement. . . ." and stayed execution of such sentences under California Penal Code section 654. (ECF No. 8-2 at 37.)

On December 31, 2021, petitioner filed a petition for review in the California Supreme Court. (ECF No. 8-3.) In the petition for review, petitioner raised two claims: (1) insufficient evidence supported petitioner's conviction; and (2) the prosecution suppressed favorable material evidence. (ECF No. 8-3 at 2.) The California Supreme Court denied the petition for review on February 16, 2022. (ECF No. 8-4.)

Petitioner's counsel filed the federal petition on May 15, 2023. (ECF No. 1.) Petitioner raises three claims for relief: (1) insufficient evidence supported petitioner's conviction; (2) prosecution suppressed favorable material evidence; and (3) ineffective assistance of trial counsel. (ECF No. 1 at 12-13.)

On June 14, 2023, petitioner filed a petition for writ of habeas corpus in the San Joaquin County Superior Court. (ECF No. 14-2.) The petition was denied on August 8, 2023. (ECF No. 14-3.)

Petitioner filed no state post-conviction collateral actions in the state supreme court.

Motion to Stay and Abey

On September 5, 2023, petitioner filed a motion to stay under Kelly or, in the alternative, under Rhines. Respondent does not oppose the Kelly stay but does not concede that the ineffective assistance claim (claim three) may be timely when petitioner returns to federal court to present such claim after exhaustion in state court. Respondent opposes petitioner's alternative motion for a Rhines stay.

Legal Standards

The exhaustion of state court remedies is a prerequisite to the granting of a petition for writ of habeas corpus. 28 U.S.C. § 2254(b)(1).  A petitioner satisfies the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider each habeas claim before presenting it to the federal court.  Picard v. Connor, 404 U.S. 270, 276 (1971); Middleton v. Cupp, 768 F.2d 1083, 1086 (9th Cir. 1985).  The prisoner must "fairly present" both the operative facts and the federal legal theory supporting his federal claim to the state's highest court, "thereby alerting that court to the federal nature of the claim." Baldwin v. Reese, 541 U.S. 27, 29 (2004); see Kelly v. Small, 315 F.3d at 1066.  The United States Supreme Court has held that a federal district court may not entertain a petition for habeas corpus unless the petitioner has exhausted state remedies with respect to each of the claims raised.  Rose v. Lundy, 455 U.S. 509 (1982).

Petitioner's federal habeas corpus application contains both exhausted and unexhausted claims for relief.  Accordingly, it is considered a "mixed" federal habeas petition.  The court may stay a mixed petition pending exhaustion if petitioner demonstrates (1) good cause for the failure to previously exhaust the claims in state court, (2) the claims at issue potentially have merit, and (3) petitioner has been diligent in pursuing relief.  Rhines v. Weber, 544 U.S. at 278. If petitioner fails to establish any of these three factors then a Rhines stay is not appropriate. However, a Kelly stay may still be granted absent a showing of good cause for failure to exhaust state court remedies.  See King v. Ryan, 564 F.3d 1133, 1140 (9th Cir. 2009).  A Kelly stay and abeyance involves the following three-step process:  (1) the petitioner amends his petition to delete any unexhausted claims; (2) the court stays and holds in abeyance the amended, fully exhausted petition, allowing petitioner the opportunity to return to state court to exhaust the deleted claims; and (3) petitioner later amends his petition and re-attaches the newly exhausted claims to the original petition.[2]

---

[2] If, however, the one-year statute of limitations period has expired by the time the petitioner returns to federal court, new claims may be amended into a pending federal habeas petition only if they share a common core of operative facts with the claims in the pending federal habeas petition. See Mayle v. Felix, 545 U.S. 644, 659 (2005). "A new claim does not 'relate back' to

In determining what constitutes good cause sufficient for a Rhines stay, the Ninth Circuit Court of Appeals has determined that a petitioner does not have to demonstrate extraordinary circumstances in order to justify a Rhines stay. Jackson v. Roe, 425 F.3d 654, 661-62 (9th Cir. 2005). Instead, the good cause standard is similar to the good cause standard used to excuse procedurally defaulted federal habeas claims. See Dixon v. Baker, 847 F.3d 714, 720 (9th Cir. 2017); see also Blake v. Baker, 745 F.3d 977, 982 (9th Cir. 2014) (emphasizing that "[w]hile a bald assertion cannot amount to a showing of good cause, a reasonable excuse, supported by evidence to justify a petitioner's failure to exhaust, will.").[3] The legal standard for cause to excuse a procedurally defaulted claim boils down to objective factors external to the prisoner. See Murray v. Carrier, 477 U.S. 478, 488 (1986) (emphasizing that to establish cause for a procedural default, a petitioner must show that "some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule.").

Discussion

Rhines Stay

The undersigned first addresses petitioner's alternative request for a stay under Rhines.

Petitioner contends he has good cause for failing to exhaust claim three because petitioner did not retain counsel until September of 2021. Counsel was required to investigate petitioner's case and review the entire record before bringing claim three; petitioner was unaware of such claim because he lacks legal training and knowledge and only became aware when counsel informed petitioner. Counsel argues that the petition demonstrates the claims have merit, and there is no indication petitioner has been intentionally dilatory in pursuing his claims. Counsel timely filed the federal petition and has "formulated [petitioner's] state writ claims" and will file

---

the filing of an exhausted petition simply because it arises from 'the same trial, conviction, or sentence'." King, 564 F.3d at 1141 (quoting Mayle, 545 U.S. at 662-64). In other words, unlike the Rhines procedure, the Kelly procedure "does nothing to protect a petitioner's unexhausted claims from untimeliness in the interim." King, 564 F.3d at 1141.

[3] In Blake, the Ninth Circuit concluded that the ineffective assistance of state habeas counsel can constitute "good cause" to support a Rhines stay when it is accompanied by documentary evidence rather than a mere "bare allegation" that counsel was ineffective. Blake, 745 F.3d at 983.

4

and prosecute such claims without delay. (ECF No. 12 at 6.) "Petitioner has diligently pursued his appellate and post-conviction rights." (Id.)

Respondent opposes the Rhines stay, arguing that petitioner's conclusory claims do not show good cause. (ECF No. 13 at 3.) Respondent contends that prior to the August 12, 2019 sentencing, petitioner knew the factual predicate of the unexhausted ineffective assistance of counsel claims that counsel did not conduct a thorough investigation and failed to present an adequate defense. In addition, on October 29, 2018, petitioner filed a new trial motion based on ineffective assistance of trial counsel; while such motion was based on different facts, the motion demonstrates petitioner was aware of his right to the effective assistance of counsel. Further, the fact that petitioner is unskilled in the law, like other prisoners, fails to demonstrate good cause. (ECF No. 13 at 4) (citing Perez v. Bitter, 2012 WL 28636, at *5 (E.D. Cal. 2012) (many prisoners are ignorant of the law and granting such prisoners stays under Rhines "would run counter to the directions in Rhines and Wooten [v. Kirkland, 540 F.3d 1019, 1024 (9th Cir. 2008)] that stays be available only in limited circumstances.") Respondent argues that petitioner's initial lack of counsel also fails to demonstrate good cause, rejecting Dixon v. Baker, 847 F.3d 714 (9th Cir. 2017), based on Supreme Court authority, citing Rose, 455 U.S. at 519-20; Jiminez v. Rice, 276 F.3d 478, 481 (9th Cir. 2001), as well as petitioner's failure to provide facts or evidence.

Further, respondent contends petitioner failed to demonstrate he has not intentionally engaged in dilatory tactics. In addition to petitioner's pro se ability to bring his unexhausted claim two years prior to retaining counsel in September of 2021, retained counsel did not file the federal petition until nineteen months later, on May 15, 2023. Thus, retained counsel could have exhausted claim three during that period. (ECF No. 13 at 5) (comparing McVey v. Santoro, 2020 WL 4355672, *4 (C.D. Cal. May 4, 2020) (counsel's need for time to obtain transcripts and trial file "is the ordinary circumstance of a lawyer coming into a case late in the day and trying to maximize the number of claims to be considered.").). Finally, respondent argues that Pace v. Diguglielmo, 544 U.S. 408, 416 (2005), does not apply because unlike in Pace, where the prisoner was pursuing post-conviction relief in state court when he filed his protective federal

////

petition, in this case, petitioner did not file his first habeas petition in state court raising the unexhausted claim until one month after he filed the instant federal petition. (ECF No. 13 at 7.)

The undersigned is persuaded that petitioner is not entitled to a stay under Rhines. Aside from petitioner failing to support his good cause arguments with specific facts or evidence, the record does not show petitioner's diligence given the substantial delay since December 2, 2021, the date the judgment of conviction was modified, and February 16, 2022, the date the California Supreme Court denied the petition for review. Inasmuch as petitioner must meet both requirements under Rhines, the motion for stay under Rhines should be denied.

Kelly Stay

Petitioner seeks to have unexhausted claim three dismissed from the petition, without prejudice, so he can return to state court and exhaust his state court remedies. Respondent does not oppose the Kelly stay. Because good cause is not required under Kelly, petitioner's motion for a Kelly stay should be granted,[4] and the petition be dismissed with leave to file an amended petition raising only exhausted claims one and two. See King, 564 F.3d at 1140 ("Rhines applies to stays of mixed petitions, whereas the three-step procedure [of Kelly] applies to stays of fully exhausted petitions." (quoting Jackson, 425 F.3d at 661)).

Petitioner does not need this court's permission to file exhaustion petitions in state court and is encouraged to continue his efforts to exhaust claim three without delay.[5]

---

[4] Respondent reserved the right to, if appropriate, file a motion to dismiss any newly-added claims as untimely. (ECF No. 7 at 3.) The undersigned makes no finding as to the timeliness of any newly-exhausted claim petitioner may attempt to amend into this action following exhaustion of state court remedies. See Mitchell v. Valenzuela, 791 F.3d 1166, 1171 n.4 (9th Cir. 2015) ("[F]rom the perspective of the petitioner, the downside of the Kelly procedure is that there is no assurance that the claims added to the petition after exhaustion will be considered timely filed.") (citing King v. Ryan, 564 F.3d 1133, 1140-41 (9th Cir. 2009)).

[5] As of September 27, 2023, petitioner had filed no habeas petitions in the state appellate court or the California Supreme Court since August 8, 2023, the date the superior court denied his habeas petition. The court may take judicial notice of facts that are "not subject to reasonable dispute because it . . . can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned," Fed. R. Evid. 201(b), including undisputed information posted on official websites. Daniels-Hall v. National Education Association, 629 F.3d 992, 999 (9th Cir. 2010). It is appropriate to take judicial notice of the docket sheet of a California court. White v. Martel, 601 F.3d 882, 885 (9th Cir. 2010). The address of the official website of the California state courts is www.courts.ca.gov.

Conclusion

Accordingly, IT IS HEREBY ORDERED that the request to substitute Warden Gena Jones as respondent (ECF No. 7 at 1 n.1) is granted; the Clerk of the Court is directed to note the change on the court docket.

Further, IT IS RECOMMENDED that:

1. Respondent's motion to dismiss (ECF No. 7) be granted; and

2. Petitioner's motion for stay (ECF No. 12) be partially granted as follows:

    a. Petitioner's alternative motion for stay under Rhines (ECF No. 12) be denied.

    b. Petitioner be granted a stay pursuant to the procedure outlined in Kelly v. Small, 315 F.3d 1063 (9th Cir. 2003);

    c. If these findings and recommendations are adopted, petitioner be directed to submit an amended petition which deletes unexhausted claim three (ineffective assistance of counsel) within fourteen days;

    d. Once the amended petition is filed, the action shall be stayed and held in abeyance to allow petitioner an opportunity to exhaust his ineffective assistance claims in state court;

    e. Once the ineffective assistance of counsel claims are exhausted, petitioner shall notify this Court of such exhaustion by filing a motion to lift the stay and by filing a second amended federal petition with the newly exhausted claim(s) no later than thirty days after the California Supreme Court addressed such claims.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be served and filed within fourteen days after service of the objections. The

////

////

parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: September 29, 2023

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

/mcco0902.mtd.sty.K