UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KALOM MCCOY,<br><br>        Petitioner,<br><br>    v.<br><br>GENA JONES, Warden,<br><br>        Respondent. | No. 2:23-cv-00902-DAD-KJN (HC)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS, GRANTING RESPONDENT'S MOTION TO DISMISS CLAIM 3, GRANTING PETITIONER'S UNOPPOSED MOTION FOR A STAY AND ABEYANCE UNDER *KELLY* AND DENYING PETITIONER'S ALTERNATIVE MOTION FOR A STAY UNDER *RHINES*<br><br>(Doc. Nos. 7, 12, 15) |

      Petitioner Kalom McCoy is a state prisoner proceeding with counsel with a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

      On August 28, 2023, respondent filed a motion to dismiss (Doc. No. 7) petitioner's ineffective assistance of trial counsel claim (claim three) asserted in the petition for federal habeas relief pending before this court. (Doc. No. 7.) On September 5, 2023, petitioner's counsel filed a motion for stay and abeyance under *Kelly v. Small*, 315 F.3d 1063 (9th Cir. 2002), *overruled on other grounds by Robbins v. Carrey*, 481 F.3d 1143 (9th Cir. 2007), or in the alternative, for stay and abeyance under *Rhines v. Weber*, 544 U.S. 269 (2005). (Doc. No. 12.) On October 2, 2023, the then-assigned magistrate judge issued findings and recommendations,

recommending that: (1) respondent's unopposed motion to dismiss[1] claim three be granted; (2) petitioner's unopposed motion for a stay under *Kelly* also be granted; and (3) petitioner's motion for stay and abeyance under *Rhines* be denied. (Doc. No. 15.) Those findings and recommendations were served on the parties and contained notice that any objections thereto were to be filed within fourteen (14) days from the date of service of the findings and recommendations. (*Id.* at 7.) On October 16, 2023, petitioner's counsel filed timely objections to the findings and recommendations. (Doc. No. 17.) No response to petitioner's objections was filed by respondent and the time in which to do so has now passed.

In the findings and recommendations, the magistrate judge concluded that the pending federal petition was a mixed petition containing both exhausted (claims one and two) and unexhausted claims (claim three). (Doc. No. 15 at 3.) The magistrate judge also concluded that petitioner had failed to demonstrate good cause for his failure to previously exhaust his new, unexhausted, ineffective assistance of trial counsel claim and therefore petitioner had not established that he was entitled to a stay and abeyance of these federal habeas proceedings under *Rhines*. (Doc. No. 15 at 4–6.) Specifically, the magistrate judge concluded that petitioner had failed to support his arguments of good cause for his failure to exhaust his ineffective assistance of trial counsel claim with any specific facts or evidence. (*Id*. at 6.) In addition, the magistrate judge pointed out petitioner's substantial delay in even beginning his efforts to exhaust his ineffective assistance of counsel claim. (*Id*.) The magistrate judge noted that on December 2, 2021, petitioner's judgment of conviction had been modified on appeal and that on February 16, 2022, the California Supreme Court had denied his petition for review, but that petitioner had nonetheless not filed his first state filing habeas petition raising his ineffective assistance claim in the San Joaquin County Superior Court until June 14, 2023. (*Id*. at 15.) Accordingly, it was recommended that petitioner's request for stay and abeyance pursuant to *Rhines* be denied. (*Id*. at 6–7.) However, the magistrate judge also recommended that petitioner's unopposed motion for a

---

[1] In his motion for a stay, petitioner stated "[t]o be clear, Petitioner seeks to have Ground Three dismissed from the Petition, without prejudice, while he exhausts his remedies with respect thereto in State Court." (Doc. No. 12 at 3.)

2

stay pursuant to *Kelly* be granted since there was no good cause requirement for the granting of a stay as authorized by that decision. (*Id*. at 6.)

In his objections to those findings and recommendations, petitioner contends that he did not delay in pursuing exhaustion of his unexhausted claim and that good cause has been shown for the granting of stay and abeyance under *Rhines*. (Doc. No. 17.) However, petitioner's objections merely repeat the arguments he advanced in support of his motion for a stay. (*Compare* Doc. Nos. 16 and 17.) Petitioner's objections provide no basis upon which to question the conclusion reached in the pending findings and recommendations which thoroughly addressed and rejected petitioner's arguments for stay and abeyance under *Rhines*. Here, petitioner has failed to make a showing of good cause for his failure to previously exhaust his new claim or that he has been diligent in pursuing relief as to that unexhausted claim. Accordingly, the undersigned will adopt the October 2, 2023 findings and recommendations and deny petitioner's motion for a stay and abeyance under *Rhines*. *See Dixon v. Baker*, 847 F.3d 714, 722 (9th Cir. 2017) ("[A] dilatory litigant's failure to exhaust his claims in state court will not be condoned."); *Blake v. Baker*, 745 F.3d 977, 982 (9th Cir. 2014) ("An assertion of good cause without evidentiary support will not typically amount to a reasonable excuse justifying a petitioner's failure to exhaust."); *Mayorga v. Pfeiffer*, No. 2:22-cv-1940-WBS-KJN, 2023 WL 4353764, at *5 (E.D. Cal. July 5, 2023), *findings and recommendations adopted* 2023 WL 5515901 (E.D. Cal. Aug. 25, 2023) (denying a motion for stay and abeyance under *Rhines* due to the petitioner's delay in pursuing exhaustion); *Lewis v. Mcdowell*, No. 22-cv-00891-VBF-RAO, 2023 WL 8242146, at *3 (C.D. Cal. March 29, 2023) (recommending denial of a motion for stay and abeyance, noting that "[a]bsent from Petitioner's request for a *Rhines* stay is any evidence or argument as to the 'good cause' for issuing the stay"), *recommendation adopted* 2023 WL 8235237 (C.D. Cal. Nov. 27, 2023).

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), the court has conducted a *de novo* review of the case. Having carefully reviewed the entire file, the court finds the pending findings and recommendations to be supported by the record and proper analysis.

/////

Accordingly,

1. The findings and recommendations issued on October 2, 2023 (Doc. No. 15) are adopted in full;

2. Respondent's motion to dismiss (Doc. No. 7) is granted;

3. Petitioner's motion for a stay and abeyance under *Rhines* (Doc. No. 12) is denied;

4. Petitioner's motion for a stay under the procedure outlined in *Kelly v. Small,* 315 F.3d 1063 (9th Cir. 2003) (Doc. No. 12) is granted;

5. Petitioner is directed to submit an amended petition which deletes unexhausted claim three (ineffective assistance of counsel) within fourteen days of the service of this order;

6. Once the amended petition is filed, the action shall be stayed pursuant to *Kelly* to allow petitioner an opportunity to complete exhaustion of his ineffective assistance claim in state court;

7. Once the ineffective assistance of counsel claim is exhausted, petitioner shall notify this Court of such exhaustion by filing a motion to lift the stay and by filing a second amended federal petition with the newly exhausted claim no later than thirty days after the California Supreme Court addressed such claims.

IT IS SO ORDERED.

Dated:  **March 29, 2024**

DALE A. DROZD
UNITED STATES DISTRICT JUDGE